MARSHA L. ASHER, Private, U. S. Army, Petitioner

v

UNITED STATES, Respondent

22 USCMA 6, 46 CMR 6

Miscellaneous Docket No. 72–34

November 1, 1972

*Colonel Arnold I. Melnick, Captain Barry K. Duwe*, and *Captain Leland M. Stenehjem, Jr.*, counsel for Petitioner.

*Lieutenant Colonel Ronald M. Holdaway, Captain Richard L. Menson*, and *Captain Robert C. Roth, Jr.*, counsel for Respondent.

### Memorandum Opinion of the Court.

By order dated January 31, 1972, this Court denied a petition for grant of review filed by the present petitioner.[1] Thereupon, her conviction became final under the provisions of Article 76, Uniform Code of Military Justice, 10 USC 876. In her present petition for writ of error coram nobis, she contends that the decision in United States v White, 21 USCMA 583, 45 CMR 357, decided August 11, 1972, is applicable to her case and requires that the findings returned and the sentence imposed be set aside. She avers, and the record of trial confirms, that enlisted personnel served as members of her general court-martial despite the absence of a written request personally signed by petitioner.

In United States v White, supra, we held:

"... [T]he attempt at the creation of a court failed because such attempt was a plain violation of the statute. The enlisted membership of this court could have been validly appointed *only* if the accused had personally requested their presence in writing. Since he did not, the convening authority was without statutory authority to designate them as members. In such circumstances, the court was without jurisdiction to proceed." [*Ibid.*, at page 589.]

---

[1] United States v Asher, Docket Number 24,932, 21 USCMA 622 (1972).

**22 USCMA 6**

The Government contends that under criteria established in Stovall v Denno, 388 US 293, 297, 18 L Ed 2d 1199, 1203, 87 S Ct 1967, 1970 (1967), the decision in *White* should not be given retroactive effect.[2]

In *Stovall*, the Supreme Court of the United States held:

". . . The criteria guiding resolution of the question implicate (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards."

Article 25(c)(1), Uniform Code, supra, 10 USC § 825(c)(1), provides, in pertinent part:

"Any enlisted member of an armed force on active duty who is not a member of the same unit as the accused is eligible to serve on general and special courts-martial for the trial of any enlisted member of an armed force who may lawfully be brought before such courts for trial, but he shall serve as a member of a court only if, before the conclusion of a session called by the military judge, under section 839(a) of this title (article 39(a)) prior to trial or, in the absence of such a session, before the court is assembled for the trial of the accused, the accused personally has requested in writing that enlisted members serve on it."

■ The decision in *White*, supra, did not establish a new standard. Rather, it simply insisted upon adherence to the requirements which Congress deemed essential. The background of Article 25(c)(1) is set out fully in United States v White, supra, and need not be reiterated here. Neither the Congress nor the armed services ever contemplated the establishment or the condonation of a practice founded upon *"a plain violation of the statute."* United States v White, supra, at page 589. Moreover, Government counsel point to no such practice, nor to any holding of this Court or of a Court of Military Review approving in any way the assignment of enlisted personnel to courts-martial without a written request by the accused.

Under these circumstances, prospective application of a decision relating to jurisdictional requirements is impermissible.

Since petitioner did not personally request that enlisted personnel serve on her court-martial, "the convening authority was without statutory authority to designate them as members." United States v White, supra.

■ This holding, however, does not require reversal of both the findings and sentence. We note that petitioner was arraigned, entered pleas of guilty to all charges and specifications, and the military judge entered findings consistent with her pleas, prior to the assembly of the court members. Since Article 39(a)(3), Uniform Code, supra, 10 USC § 839(a)(3), authorizes the procedure followed,[3] the findings are not affected by the subsequent proscribed appearance of enlisted personnel.

It follows that the sentence, having been adjudged by an improperly constituted court-martial, cannot be given effect.

Accordingly, the petition filed in the above-entitled action is granted. The sentence is set aside, and the record of trial is returned to the Judge Advocate General of the Army for action not inconsistent with this opinion.

---

[2] Petitioner has filed a "Motion for Leave to File Response to Reply of the United States." In view of the action taken herein, no action on this motion is necessary.

[3] See, also, Article 45(b), Uniform Code of Military Justice, 10 USC § 845 (b); paragraph 70b, Manual for Courts-Martial, United States, 1969 (Revised edition); paragraph 2–19b, AR 27–10.