UNITED STATES, Appellee,

v.

Albert G. PARKES, Sergeant, United
States Army, Appellant.

No. 33,155.
CM 435033.

U. S. Court of Military Appeals.

Oct. 23, 1978.

For Appellant—*Captain John M. Zoscak,
Jr.* (argued); *Colonel Alton H. Harvey* (on
brief); *Lieutenant Colonel John R. Thor-
nock* (on brief); *Captain Larry D. Anderson*
(on brief); *Captain D. David Hostler.*

For Appellee—*Captain Nancy Battaglia*
(argued); *Colonel Thomas H. Davis* (on
brief); *Major John T. Sherwood, Jr.* (on
brief); *Captain John F. DePue* (on brief).

Opinion of the Court

PERRY, Judge:

The appellant was convicted by a general
court-martial consisting of a military judge,
sitting alone, of larceny, in violation of Ar-
ticle 121, Uniform Code of Military Justice,
10 U.S.C. § 921. He was sentenced to a
bad-conduct discharge, confinement for one
year and reduction to the lowest enlisted
grade. The convening authority approved
the sentence but suspended that portion
which adjudged confinement. The United
States Army Court of Military Review has
affirmed. We granted review to consider
the adequacy of the military judge's inquiry
concerning the appellant's decision to fore-
go the statutory right to trial by a court
with members.[1] We conclude that the in-

---

1. As originally framed, the issue specified by
the Court was whether *United States v. Jen-
kins*, 20 U.S.C.M.A. 112, 42 C.M.R. 304 (1970),
should be overruled. In *Jenkins*, "[w]ithout
intimating an opinion on whether paragraph 53
*d*(2)(b) of the Manual requires that the military
judge elicit from the accused personally a reas-
surance the latter's request was understanding-
ly made . . . .," the Court upheld the mili-

tary judge's mere approval of a written request
for trial by judge alone because the accused
made no complaint that he "misunderstood the
significance of his request for trial before a
military judge alone . . . ." *Id.* at 116, 42
C.M.R. at 308. The Court also stated that
"[t]he absence of such a complaint indicates a
waiver," citing *United States v. Donohew*, 18
U.S.C.M.A. 149, 39 C.M.R. 149 (1969). How-

quiry which the military judge made of the appellant and the responses given by the appellant constitute an adequate basis for the judge to have concluded that the appellant's request for trial by judge alone was understandingly made.

Before finally approving the request for trial by judge alone, the military judge interrogated the appellant , concerning whether he understood the difference between a trial by a court consisting of a judge alone and trial by a court consisting of a judge and members.[2] The appellant assured the judge that he had discussed the differences with his attorney and that he felt that he understood them.[3] The appellant also told the judge that, understanding these differences, he nevertheless desired to be tried by a court consisting of a judge alone.[4]

The Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 53 $d$(2)(b), provides, *inter alia*, with respect to requests prior to trial for trial by judge alone:

> If the accused has requested [in writing] trial by the military judge alone and the military judge has approved the re-

quest prior to the start of trial, he should assure himself at the trial, before announcing that the court has assembled, that the request was understandingly made by the accused.

While a more extensive inquiry could have been made by the military judge in the instant case to satisfy the above Manual provision, it is nonetheless apparent that he at least assured himself that the appellant's request for trial by military judge alone was understandingly made.[5] In this respect the case is different from *United States v. Jenkins*, 20 U.S.C.M.A. 112, 42 C.M.R. 304 (1970), where the Court approved a request for trial by judge alone without questioning the accused. The procedure utilized here was designed to provide the assurance that the request was understandingly made and complied with paragraph 53$d$(2)(b) of the Manual.

The decision of the United States Army Court of Military Review is affirmed.

FLETCHER, Chief Judge (concurring):

I concur.

---

ever, in the instant case, the military judge did personally address the accused and elicited from him a reassurance that the request was understandingly made. On its facts, this case is, therefore, different from that presented in *Jenkins*. Nevertheless, we proceed to consider the issue, as set forth in the text.

2. The full colloquy between the military judge and the appellant was as follows:

MJ: All right. SGT Parkes, I have before me your written request to be tried by judge alone rather than by military jury. I approved this request and signed it before I called the court to order. However, before proceeding any further I would like to address a few questions to you concerning your request. First of all, if you can see that far, is this your signature that appears on the request?
ACC: Yes, sir, it is.
MJ: Did you discuss with your attorneys all the matters contained in this request before you signed it?
ACC: Yes, sir.
MJ: And did you discuss with them the difference between trial before judge alone on the one hand, and trial before a military jury on the other?

ACC: Yes, sir.
MJ: And do you believe you actually understand the differences between the two types of trials?
ACC: Yes, sir.
MJ: And knowing and understanding those differences, do you still desire to be tried by judge alone?
ACC: Yes, sir.
MJ: Very well. The court determines that the request was understandingly made. It is finally approved and the court is now assembled. You may proceed.

3. . *Id.*

4. *Id.*

5. *See* note 2 above. In *United States v. Jenkins, supra*, the Court expressed the view that "it appears that compliance with the procedure recommended by the United States Army [in the Judge Advocate Legal Service, August 28, 1969, pamphlet 27–69–21, pages 18–20, reproduced in *Jenkins*] would [undoubtedly] satisfy the requirement of the Manual provision in question."

To the lead opinion, I would add the following comments. Both *United States v. Jenkins*, 20 U.S.C.M.A. 112, 42 C.M.R. 304 (1970), and *United States v. Turner*, 20 U.S.C.M.A. 167, 43 C.M.R. 7 (1970), were decided well after *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969). In the former group of cases, there was no indication by the majority of an intent to require the military judge under these circumstances to personally delineate for the accused the nature and effect of trial by military judge alone. Moreover, I read Judge Ferguson's dissents in these cases to be primarily concerned with the obligation of the military judge to personally make "an appropriate inquiry" in accordance with paragraph 53*d*(2)(b), Manual for Courts-Martial, United States, 1969 (Revised edition). Even under this more stringent standard, the Manual provision was minimally complied with in the present case. However, in line with the spirit of these opinions, minimal compliance with the aforementioned Manual provision may not always be tolerated where a reasonable and accepted practice at court-martial better treats the ultimate evil sought to be cured by the Manual provision. *See United States v. Jenkins, supra* at 115–116, 42 C.M.R. at 307–08.

COOK, Judge (concurring):

I concur with the majority opinion, but even if the inquiry failed to comply with paragraph 53*d*(2)(b), Manual for Courts-Martial, United States, 1969 (Revised edition), I would affirm on the basis of *United States v. Jenkins*, 20 U.S.C.M.A. 112, 42 C.M.R. 304 (1970).