**UNITED STATES**

v.

**Michael K. PETTAWAY, 266–78–2005, Sergeant (E–5), U.S. Marine Corps.**

**NMCM 86 1921.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 5 March 1986.

Decided 31 March 1987.

Vaughn E. Taylor, Civilian Defense Counsel.

George M. Kripner, Civilian Defense Counsel.

LT J. Cunyon Gordon, JAGC, USN, Appellate Defense Counsel.

Capt Thomas D. Miller, USMC, Appellate Government Counsel.

Before COUGHLIN, Senior Judge, and MIELCZARSKI and DECARLO, JJ.

PER CURIAM:

We have examined the record of trial and heard oral argument on the assignments of error, and the Government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

At a general court-martial with members, appellant was tried and convicted, contrary to his pleas, of two specifications of possession and five specifications of distribution of marijuana; two specifications of carnal knowledge; two specifications of sodomy, and four specifications of distributing alcohol to a minor. He was sentenced to confinement for fifteen years, total forfeitures, reduction to pay grade E–1, and a dishonorable discharge. The convening authority reduced the confinement portion of the sentence to ten years but otherwise approved the sentence as adjudged. Appellant has raised three assignments of error which we will discuss *seriatim.*

    I.  THE GOVERNMENT FAILED TO PROVE BEYOND A REASONABLE DOUBT THE SANITY OF APPELLANT AT THE TIMES OF THE OFFENSES.

   II.  THE TRIAL JUDGE ERRED IN DENYING APPELLANT'S MOTION TO DISMISS FOR LACK OF SPEEDY TRIAL IN THAT THE TIME CONSUMED IN CONDUCTING A SECOND SANITY BOARD ORDERED BY THE GOVERNMENT IS DELAY FOR SPEEDY TRIAL PURPOSES.

  III.  THE MILITARY JUDGE COMMITTED REVERSIBLE ERROR BY FAILING TO INFORM APPELLANT OF HIS RIGHTS TO COURT–MARTIAL COMPOSITION AND BY FAILING TO ASCERTAIN WHICH TYPE OF COURT APPELLANT WANTED TO TRY HIS CASE.

I.

■ We disagree with appellant's assertion that the Government failed to prove beyond a reasonable doubt appellant's sanity at the time of the offense. Although both the defense and the Government produced conflicting expert testimony regarding appellant's sanity, the fact of a conflict is insufficient to reverse the findings made by the members at trial. The issue of mental responsibility is to be decided by the trier of fact in light of all evidence presented on the issue. *United States v. Benedict,* 20 M.J. 939 (A.F.C.M.R.1985).

> Where there is a conflict of expert testimony on the issue of sanity, ... it does not necessarily follow that reasonable men must entertain a reasonable doubt as to the accused's sanity. "A finding of guilty which includes a finding of sanity contrary to expert opinion can be sustained if it is supported by substantial evidence." *United States v. Carey,* 11 U.S.C.M.A. 443, 29 C.M.R. 259 (1960). The opinions of the experts do not necessarily define the scope of responsibility of the court-martial. The members must consider and weigh all of the evidence presented.

*United States v. Wattenbarger,* 15 M.J. 1069, 1076 (N.M.C.M.R.1983), *aff'd,* 21 M.J. 41 (C.M.A.1985).

■ The evidence presented in this case included the testimony of two Government experts who concluded that appellant could appreciate the criminality of his conduct and conform his conduct to the requirements of law, as well as substantial evidence from appellant's service record and from the testimony of appellant's superiors and acquaintances indicating the same. In short, there is substantial evidence of record to support the members' finding that appellant was legally sane at the time of the offense and we further explicitly concur in that finding. *See United States*

*v. Frederick,* 3 M.J. 230 (C.M.A.1977); *see also United States v. Krauss,* 20 M.J. 741 (N.M.C.M.R.1985) and *United States v. Fortune,* 513 F.2d 883 (5th Cir.1975).

## II.

We find no merit in appellant's assignment of error alleging the lack of a speedy trial. Appellate defense counsel's argument centers primarily around the exclusion by the military judge of two periods of time from the running of the 120–day speedy trial clock—first, a 36–day period during which the appellant was examined by a second sanity baord after previously having been found legally incompetent by an earlier board, and second, twelve days representing time spent in between actual in-court sessions on motion practice.

■ As to the 36–day period consumed by the second sanity board, we find that the military judge properly excluded this time pursuant to Rule for Courts-Martial (R.C.M.) 707(c)(1)(A). That rule excludes any and all examinations into the mental capacity of the accused and does not make any ·distinction between examinations requested by the defense or Government and places no limitation on the number of examinations performed. Indeed, R.C.M. 706(c)(4) specifically envisions multiple examinations, which may be ordered at any point during the proceedings as circumstances may require. We specifically find that under the circumstances of this case the convening authority was justified in ordering a second sanity board.

■ We also find that the military judge properly excluded the entire period of time spent during motion practice. R.C.M. 707(c)(1)(C) excludes all periods spent in motion practice without regard to the number of days actually spent in court or the reasonableness of the delay. *See Henderson v. United States,* 476 U.S. 321, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986). This assignment of error is accordingly without merit.

## III.

In appellant's third assignment of error, he claims that prejudicial error occurred when the military judge failed to inform him of his rights as to court-martial composition and to ascertain his choice of forum. We disagree.

■ R.C.M. 903 pertains to an accused's elections concerning the composition of his court-martial. The rule tasks the military judge with the responsibility for ascertaining the forum choice of the accused. "Ordinarily the military judge should inquire personally of the accused to ensure that the accused's waiver of the right to trial by members is knowing and understanding. Failure to do so is not error, however, where such knowledge and understanding otherwise appear on the record." Discussion, R.C.M. 903(c); *see also United States v. McPhaul,* 22 M.J. 808 (A.C.M.R.1986). In this case, the military judge did not advise the accused of his forum rights. There is, however, evidence of record to support the conclusion that appellant was properly advised of these rights and that he elected to have his case tried before a court-martial composed of officer members. The *DuBay* hearing in this case reflects that appellant was "extensively informed" of his forum rights by his detailed defense counsel on three occasions and that he concurred with that counsel's judgment in opting for a trial by officer members. Further, he did not select or submit a request for enlisted members, nor did he make an election to be tried by military judge alone. *See* R.C.M. 903(c)(3). Therefore, while the military judge should have ascertained on the record the accused's choice of forum, we find that his failure to do so in this case does not constitute prejudicial error. This assignment of error is without merit.

Accordingly, the findings and sentence as approved on review below are affirmed.

We note that the charge sheet erroneously listed appellant's drug offenses occurring before 1 August 1984 as being viola-

tions of Article 112a, UCMJ, 10 U.S.C. § 912a, vice Article 134, 10 U.S.C. § 934. The military judge correctly instructed the members that Article 112a did not exist prior to 1 August 1984 and that they were to consider these offenses under Article 134. Although the members' findings did not reflect this numerical change to the charges, we will view them as being proper in light of the instructions given by the military judge.

Note 4 of the Court-Martial Order shall be corrected to read: "Spec. 2 of Add. Charge III was merged into Spec. 1 of Add. Charge III," vice "Add. Charge II." (*see* Record p. 313).