UNITED STATES

v.

Christopher W. SMITH, 469–86–4663, Operations Specialist Seaman (E–3), U.S. Navy.

NMCM 94 00006.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 30 Aug. 1993.

Decided 24 Jan. 1995.

818

LT B.C. Lansing, JAGC, USNR, Appellate Defense Counsel.

CDR Stephen A. Stallings, JAGC, USN, Appellate Government Counsel.

LT Steven J. Coaty, JAGC, USNR, Appellate Government Counsel.

Before ORR and REED, Senior Judges, and KEATING, JJ.

REED, Senior Judge:

■ This case originally came before us as a merit submission, the appellant alleging no error in the court-martial proceedings. However, our examination of the record showed that, although the appellant had asked to be tried by officer members (record at 5), the military judge acted as the sentencing authority after accepting the appellant's guilty pleas. There was never a request on the record, either orally or in writing, by the appellant for trial by judge alone. We subsequently ordered the Government to show cause why the findings and sentence should not be set aside since the sentence was adjudged in violation of Rule for Court–Martial [R.C.M.] 805(b) and Article 16, Uniform Code of Military Justice [hereinafter "UCMJ" or "the Code"], 10 U.S.C. § 816. The Government argues that an inference can be made

that the appellant desired trial by military judge alone since neither he nor his civilian counsel interposed any objection. We disagree and hold that an affirmative request must be made by the appellant in order for the military judge to sit as a court-martial. Such an infirmity, based on the facts before us, however, affects only the sentence and not the findings.

## BACKGROUND

The initial session of this general court-martial occurred on 25 May 1993 with Judge Uris presiding. At this session, the appellant was represented by two military defense counsel. The appellant indicated that he wished to be represented only by these two counsel. Shortly thereafter, the military judge queried the appellant concerning his forum desires.

MJ: Seaman Smith, do you understand that you have the right to be tried by a court composed of members, and that if you are found guilty of any offense those members would determine a sentence?

ACC: Yes, sir.

MJ: Alternatively you may request in writing or verbally here in court to be tried before judge alone. If I approve such a request there would be no members, I alone would decide whether you are guilty, and if I found you guilty of any offense then I would sentence you. Do you understand that?

ACC: Yes, sir.

MJ: Have you discussed these choices with your lawyers?

ACC: Yes, sir.

MJ: Lieutenant Graham, is the accused prepared to make forum selection at this time?

DC: Yes, sir.

MJ: Very well. By which type of court-martial do you choose to be tried?

ACC: Members, sir.

MJ: And do you desire enlisted members?

ACC: No, sir.

MJ: Very well. The accused will now be arraigned.

Record at 5.

After arraignment, the appellant requested and was granted a continuance; the court-martial then reconvened on 30 August 1993. At this session Judge Uris had been replaced by Judge Wurzel[1] and the appellant's two military defense counsel had been excused by the appellant and replaced with civilian counsel. The military judge then readvised the appellant of his counsel rights, but not about his forum options. In the interim between the two sessions of court, the appellant had entered into a pretrial agreement with the convening authority, agreeing to plead guilty to certain offenses in return for a limitation on his sentence. The pretrial agreement did not cover the appellant's selection of forum. The appellant then entered mixed pleas.

Pursuant to his pleas, the appellant was found guilty of one specification of the wrongful possession of 437.4 grams of marijuana with the intent to distribute, alleged under Article 112a of the Code, 10 U.S.C. § 912a. He was also charged with conspiracy to possess marijuana with the intent to distribute under Article 81, 10 U.S.C. § 881, and with making a false official statement under Article 134, 10 U.S.C. § 934. The appellant pled not guilty to these latter offenses and was found not guilty by the military judge when the Government elected not to present any evidence. The appellant was sentenced to confinement for 7 months, forfeiture of all pay and allowances, reduction to pay grade E–1, and a bad-conduct discharge. The pretrial agreement had no affect on the sentence, and the convening authority approved the sentence as adjudged.

We are now called upon to decide whether the findings and the sentence in this court-martial must be set aside when there is no affirmative request by the appellant or his counsel, either orally on the record or in writing, for trial by military judge alone, and the military judge sits as the court-martial.

*ANALYSIS*

Article 16(1) of the Code classifies the different types of courts-martial. A general court-martial consists of:

(A) a military judge and not less than five members; or

(B) only a military judge, if before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests *orally on the record or in writing* a court composed only of a military judge and the military judge approves[.]

10 U.S.C. § 816(1) (emphasis added). R.C.M. 903 provides in applicable part:

Before the end of the initial Article 39(a) session, or, in the absence of such a session, before *assembly,* the military judge shall ascertain, as applicable, whether in a noncapital case, the accused requests trial by the military judge alone. The accused may defer requesting trial by military judge alone until any time before *assembly.*

.    .    .    .    .

A request for trial by military judge alone shall be in writing and signed by the accused or shall be made orally on the record.

R.C.M. 903(a)(2), (b)(2) (emphasis added).

The discussion following R.C.M. 911 indicates that "[w]hen trial is by a court-martial with members, the court-martial is ordinarily assembled *immediately after the members are sworn.* . . . When trial is by military judge alone, the court-martial is ordinarily assembled immediately following approval of the request for trial by military judge alone."

■ At no time during the court-martial proceedings did the military judge announce that the court was "assembled." Assembly is important, because, as discussed below, it is at that point we determine whether the court-martial is properly constituted.[2]

---

1. "Before the court-martial is *assembled,* the military judge may be changed by an authority competent to detail the military judge, without cause shown on the record." R.C.M. 505(e)(1) (emphasis added).

2. Assembly of the court-martial is significant because it marks the point after which: substitution of the members and military judge may no longer take place without good cause (*see* Article 29[, UCMJ]; R.C.M. 505; 902; 912); the ac-

In the case before us there was no request for trial by military judge, either orally on the record or in writing. In fact, there was no discussion of the appellant's rights in this regard after his initial request for trial by members. *See* R.C.M. 903(c)(2)(A); UCMJ, art. 16(1)(B), 10 U.S.C. § 816(1)(B).

Military case law dealing with the effect of defects in the composition of courts-martial is based on several early U.S. Supreme Court decisions. In *Runkle v. United States,* 122 U.S. 543, 7 S.Ct. 1141, 30 L.Ed. 1167 (1887), the Supreme Court reversed a decision of the U.S. Court of Claims on the sole ground that the record did not disclose that the sentence of the court-martial had been personally approved by the president, as prescribed in express terms by the seventy-second Article of War. The Court held:

> A court-martial organized under the laws of the United States is a court of special and limited jurisdiction. It is called into existence for a special purpose, and to perform a particular duty. When the object of its creation has been accomplished it is dissolved.... To give effect to its sentences, it must appear affirmatively and unequivocally that the court was legally constituted; that it had jurisdiction; that all statutory regulations governing its proceedings had been complied with; and that its sentence was conformable to law. *There are no presumptions in its favor so far as these matters are concerned....* The facts necessary to show their jurisdiction, and their sentences were conformable to law, must be stated positively; and *it is not enough that they may be inferred argumentatively.*

122 U.S. at 555–56, 7 S.Ct. at 1146 (emphasis added).

In *Swaim v. United States,* 165 U.S. 553, 17 S.Ct. 448, 41 L.Ed. 823 (1897), the Supreme Court held that the court-martial there in question was duly convened and organized even though some of the court-members were junior in grade to the ac-

cused. "'[W]here there is no law authorizing the court-martial or where the statutory conditions as to the constitution or jurisdiction of the court are not observed, there is no tribunal authorized by law to enter the judgment.'" 165 U.S. at 555, 17 S.Ct. at 449 (quoting *Keyes v. United States,* 109 U.S. 336, 3 S.Ct. 202, 27 L.Ed. 954 (1883)). The Court noted, however, that the statute dealing with court membership (seventy-ninth Article of War) allowed the convening authority to determine whether the appointment of junior members was "avoidable" or not. *Id.; see also United States v. Berlingeri,* 35 M.J. 794 (N.M.C.M.R.1992) (holding that referral to a court that included enlisted personnel when accused requested trial by military judge alone and had never requested enlisted members was not jurisdictional error when enlisted members never served).

In *McClaughry v. Deming,* 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049 (1902), the accused was an officer in the Volunteer Army who was tried and convicted by a court-martial composed entirely of members of the Regular Army. A statute in effect at the time indicated that officers of the Regular Army were not "competent to sit on courts-martial to try the officers or soldiers of other forces...." 186 U.S. at 51, 22 S.Ct. at 787 (citing Article 77, Articles of War.) Despite the fact that Deming expressly stated at the time of trial that he had no objection to the membership of the court, the Supreme Court found that the Volunteer Army was another force within the meaning of the statute. It held that the convening authority appoints the court-members and,

> when in appointing such members he violates the statute, as in this case, by appointing men to compose the court that the statute says he *shall not* appoint, the body thus convened is not a legal court-martial, and has no jurisdiction over either the subject-matter of the charges against a volunteer officer or over the person of such officer.

---

cused may no longer, as a matter of right, request trial by military judge alone or withdraw such a request previously approved (*see* Article 16 [, UCMJ]; R.C.M. 903(a)(2)(d)); and the accused may no longer request, even with the per-

mission of the military judge, or withdraw from a request for, enlisted members (*see* Article 25(c)(1) [, UCMJ]; R.C.M. 903(a)(1)(d)).

R.C.M. 911, discussion.

186 U.S. at 65, 22 S.Ct. at 792 (emphasis added).

Traditionally the Court of Military Appeals has strictly construed the language of Article 16 of the Code, relying on the Supreme Court cases noted above in its analysis. In *United States v. Dean*, 20 C.M.A. 212, 43 C.M.R. 52, 1970 WL 7427 (1970), a seminal case, the Court noted that the version of Article 16 then in effect required that a request for a court composed only of a military judge be made by an accused and "in writing." 20 C.M.A. at 215, 43 C.M.R. at 55. Although no request in writing was made, Dean did orally state on the record that he wished to be tried by the military judge alone. The Court, acknowledging the holding of *Deming*, noted the following:

Appellate Government counsel earnestly urge us to consider the absence of any indication that the choice in this case was not intelligent or voluntary and the absence of any prejudice to the accused. This we have done. We have also considered the argument that a requirement for request in writing in these circumstances is an insistence on a meaningless ritual or the elevation of form over substance. We are *not* free to alter a plain requirement of the law, even though in this instance the oral answers of the appellant make clear his desire to be tried by the judge alone.

20 C.M.A. at 215, 43 C.M.R. at 55. The Court then went on to say that "[w]ithout compliance with the provisions of Article 16 for a request in writing, a court composed of a military judge alone is not lawfully constituted as a court," and set aside *the findings and the sentence. Id.; see also United States v. Landrum*, 3 M.J. 160 (C.M.A.1977) (summary disposition) (holding that a written request for enlisted personnel is a jurisdictional prerequisite to their service); *Del Prado v. United States*, 23 C.M.A. 132, 48 C.M.R. 748, 1974 WL 13907 (1974) (granting a petition for extraordinary relief when the trial was conducted by military judge alone without the accused's written request); *Gallagher v. United States*, 22 C.M.A. 191, 46 C.M.R. 191, 1973 WL 14479 (1973) (granting a petition for extraordinary relief when enlisted members served without a written re-

quest from the accused); *United States v. White*, 21 C.M.A. 583, 45 C.M.R. 357, 1972 WL 14193 (1972) (holding that a written request by an accused was a jurisdictional prerequisite to trial by court-martial with enlisted members); *United States v. Nix*, 21 C.M.A. 76, 44 C.M.R. 130, 1971 WL 12467 (1971) (finding jurisdictional error when the written request for trial by judge alone was not submitted until after one witness had already testified); *United States v. Fife*, 20 C.M.A. 218, 43 C.M.R. 58, 1970 WL 7430 (1970) (holding that trial by military judge without a written request was jurisdictional error); *United States v. Warren*, 50 C.M.R. 357, 1975 WL 15623 (A.C.M.R.1975) (setting aside a court-martial conviction when request for enlisted members was signed by defense counsel and not the accused).

The Government cites *United States v. Pettaway*, 24 M.J. 589 (N.M.C.M.R.), *petition denied*, 25 M.J. 483 (C.M.A.1987), for the proposition that the failure to elicit an affirmative request from the appellant for trial by the military judge is not error. As the appellate defense counsel notes, however, even though the military judge did not advise Pettaway of his forum rights, there was "evidence of record to support the conclusion that ... [Pettaway] was properly advised of these rights and that he elected to have his case tried before a court-martial composed of officer members." 24 M.J. at 591. There is no such evidence in the record of the case now before us. Thus *Pettaway* is inapposite.

■ Our analysis of the pertinent case law, *supra*, convinces us that Article 16, UCMJ, must be strictly complied with and that the military judge may not sit as a factfinder or the sentencing authority absent an affirmative request by the accused. What affect does that have on the case before us? Must we, like the Court of Military Appeals did in *Dean* and subsequent cases, set aside the findings and the sentence, or is some lesser remedy appropriate?

The Court of Military Appeals has made it clear that "[f]ailure of the appellant to request trial by military judge alone, in writing, before or at the *inception* of trial constitutes a jurisdictional defect rendering the findings and sentence invalid" if the military judge

thereafter sits as the court-martial. *United States v. Ginaitt*, 20 C.M.A. 216, 43 C.M.R. 56, 56, 1970 WL 7428 (1970) (emphasis added); *see also United States v. Culver*, 20 C.M.A. 217, 43 C.M.R. 57, 1970 WL 7429 (1970); *Fife*. We construe the term "inception" to be synonymous with "assembly"[3] under Article 16 of the UCMJ.

Before the 1968 amendments, it was eminently logical for Congress to fix arraignment as the critical point for [the excusal of] members and for the Court to establish the same point for the law officer. It was only after that stage in the proceedings that evidence would be introduced and the court members would begin to perform their duties as fact-finders. Likewise, it was generally only after arraignment that the law officer could act on substantive matters, e.g., ruling on motions and objections. Before the Military Justice Act of 1968, arraignment could not be held out of the presence of the members.

The 1968 amendments, however, changed the role of the judge and permitted him to hold the arraignment before assembly of the members of the court. It was for this reason that the critical point for excusal of members was changed from arraignment to assembly, since the members do not begin to function before that time.

*United States v. Hamlin*, 49 C.M.R. 18, 20, 1974 WL 13993 (A.C.M.R.1974). Now the military judge can perform judicial functions prior to the assembly of the court. Article 39(a), UCMJ, 10 U.S.C. § 839(a).

The purpose of Article 39(a) is "to give statutory sanction to pretrial and other hearings without the presence of the members concerning those matters which are amenable to disposition on either a tentative or final basis by the military judge." The military judge ... should[ ] call the court-martial into session without members to ascertain the accused's understanding of the right to counsel, the right to request trial by military judge alone, or when applicable, enlisted members, and

the accused's choices with respect to these matters; ... and perform other procedural functions which do not require the presence of members.... The military judge may ... hold the arraignment, receive pleas, and enter findings of guilty upon an accepted plea of guilty.

R.C.M. 803, discussion (citations omitted).

■ In *Dean, Ginaitt, Culver,* and *Fife*, it appears that the court was "assembled" immediately after each accused's election for trial by military judge but prior to pleas. If the court is not properly constituted at the time of assembly, *Dean* and its progeny indicate the subsequent proceedings, i.e., the findings and sentence are jurisdictionally deficient and a nullity. The proceedings that occur prior to assembly, however, are not rendered invalid. If findings are entered properly prior to assembly, they remain valid. *See Landrum; Asher v. United States*, 22 C.M.A. 6, 46 C.M.R. 6, 1972 WL 14380 (1972); *United States v. Cunningham*, 6 M.J. 559 (N.C.M.R.1978).

In the case before us, the military judge never announced the assembly of the court. Since the appellant had requested trial by officer members, assembly would normally have occurred after the members were sworn. Administering the oath to the members would usually occur after the military judge accepted the appellant's pleas and entered findings. Accordingly, we conclude that assembly occurred in the case before us subsequent to the military judge entering findings of guilty.

Until the judge embarked on the sentencing portion of the trial without first ascertaining whether the appellant still wanted the sentence determined by the members, the court-martial was properly constituted. A military judge with the necessary qualifications and members, who were clearly eligible to serve, had been properly detailed. UCMJ, art. 16, 10 U.S.C. § 816. The court-martial had been properly convened by the convening authority. The initial sessions of the court-martial had been properly conducted in accordance with Article 39(a), UCMJ. 10 U.S.C. § 839(a).

---

**3.** "A court is said to be assembled when its preliminary organization has been completed, its members have gathered in the courtroom, and the presiding officer announces it is assembled." EDWARD M. BYRNE, MILITARY LAW, glossary at 745 (3d ed. 1981).

When the appellant pled guilty to some of the offenses the military judge conducted an inquiry into the voluntariness of his pleas. *United States v. Care*, 18 C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969); R.C.M. 910(c). Such an inquiry is conducted out of the presence of the members. Whether or not the judge enters findings depends on whether the Government will be presenting evidence on the merits. R.C.M. 910(g)(2). The Government elected not to present evidence on those offenses to which the appellant plead not guilty, so findings were appropriately entered by the military judge.

However, after accepting the appellant's pleas, the military judge was then required to assemble the members. This he failed to do. He was not authorized to sentence the appellant absent a request "orally on the record or in writing" for trial by judge alone. UCMJ art. 16, 10 U.S.C. § 816. Such a failure, at that stage of the proceedings did not affect the findings because the court was properly constituted at the time findings were made. It does, however, affect the sentence.

Accordingly, the findings are approved. The sentence is set aside. The same or a different convening authority may order a rehearing on the sentence.

Senior Judge ORR and Judge KEATING concur.