DeCICCO, Senior Judge:
In this case, we hold that the absence of a request for trial by military judge alone by the accused prior to assembly of a court-martial composed of a military judge alone is jurisdictional error, and that such a request in a post-trial session does not cure the error.

I. Background

Pursuant to his guilty pleas at a general court-martial, the appellant was convicted of the wrongful use and distribution of marijuana in violation of Article 112a, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 912a. The military judge sentenced him to be confined for 6 months, to forfeit $400.00 pay per month for 6 months, to be reduced to pay grade E-l, and to be discharged with a bad-conduct discharge. The convening authority approved the sentence. The appellant assigned two errors for our review.[1] We subsequently specified the following additional issue:
WHETHER THE SENTENCE MUST BE SET ASIDE WHERE THE COURT-MARTIAL WAS NEVER ASSEMBLED AND THE APPELLANT DID NOT INDICATE HIS DESIRE FOR TRIAL BY MILITARY JUDGE ALONE UNTIL 17 DAYS AFTER TRIAL? (CITATIONS OMITTED).
The facts surrounding the specified issue are undisputed. On 10 August 1994, the appellant was arraigned and entered pleas of guilty to three violations of Article 112a, UCMJ, alleging wrongful distribution of marijuana on or about 22 April 1994 and wrongful use and distribution of marijuana on 10 May 1994. During this session, the military judge (Judge Krantz) informed the appellant of his forum rights including his right to be tried by a court composed of members, including one-third enlisted members, and his right to request trial by military judge alone. Record at 4-5. The appellant stated he understood his rights, but he deferred his decision. The defense counsel then moved for a continuance, and the military judge granted this motion.
On 1 September, Judge Krantz presided over another Article 39(a), UCMJ, session to litigate a motion concerning discovery requests, and on 8 September, he held a third session concerning a motion for additional credit for and release from pretrial confinement under Rule for Courts-Martial [RCM] 305. Following these motions sessions, the case was continued further.
*766 On 19 September 1994, Judge Quigley presided over the next session of this case. The defense counsel indicated there were no further motions, and he re-entered the appellant’s guilty pleas. At this point, Judge Quigley announced that the court was assembled,[2] and he proceeded directly into the required inquiry concerning the providence of the guilty pleas. He found the pleas provident, accepted them and entered guilty findings. The case then moved into the presentencing hearing which resulted in Judge Quigley adjudging the sentence described above. At no point during the trial did the appellant ever request trial by military judge alone.
In addition, two post-trial sessions took place. The first one was held on 3 October 1994 for the purpose of re-opening the providence inquiry. After extensive questioning, Judge Quigley satisfied himself that the appellant’s guilty pleas were provident, that the defense of entrapment had not been raised, and he reaffirmed the findings of guilty. The second post-trial session was called to order on 6 October 1994. The following colloquy took place:
MJ: I apologize for bringing you all back in again for this second post-trial 39(a) session. This time I want to solicit some more information from Airman Apprentice Mayfield. The problem is that Airman Apprentice Mayfield never indicated on the record that he wished to have his case tried by military judge alone, rather than a court composed of members. Airman Apprentice Mayfield, of course you recall that you pled guilty at the session back on the 19th of September, when you had your family here. At that time, your defense counsel indicated in the pretrial paperwork that you wished to be tried by military judge alone rather than a court composed of members, and of course that request was approved and we proceeded with the trial, but I didn’t make inquiry on the record concerning your understanding of your right and your desires as to which type of court you wish to be tried by. Back on the 10th of August, Judge Krantz advised you of your rights, as far as forum selection____ Is it correct that you understand the advice that Judge Krantz gave you back there on the 10th of August 1994?
ACCUSED: Yes, sir, I did.
MJ: And back when we had the trial in which you pled guilty and we went into sentencing, did you understand those rights that he advised you of on that date?
ACCUSED: Yes, sir, I did.
MJ: Was it, in fact, your desire on the 19th of September, as your defense counsel indicated in the pretrial paperwork, to be tried by military judge alone, rather than have your case be heard by members?
ACCUSED: Yes, sir.
MJ: All right, and you understood that you had the right to have your case heard by members, and if you requested, enlisted personnel on that date?
ACCUSED: Yes, sir.
MJ: And you wished to be tried by a military judge alone?
ACCUSED: Yes, sir.
MJ: All right. Well, we have that on the record now. I think that’s the last thing I needed to inquire about in this case. I’ve read the record of trial over a number of times to see if there was anything else. I think this should do it. Does anybody else have anything?
TC: No, sir.
DC: No, sir.
MJ: All right, then this court-martial is adjourned.
Record at 85-86.

II. Discussion

Courts-martial organized under the laws of the United States possess only special and limited jurisdiction. To give effect to a court-martial sentence, the record must affirmatively and unequivocally demonstrate that the Court was legally constituted, that it had jurisdiction, that all statutory regulations governing its proceedings were complied with, and that its sentence conforms to law. Runkle v. United States, 122 U.S. 543, 7 S.Ct. 1141, 30 L.Ed. 1167 (1887). There are *767 no presumptions in these matters, jurisdiction may not be inferred argumentatively, and if the statutory requirements for jurisdiction are not satisfied, there is no tribunal authorized by law to enter the judgment. Id.; Swaim v. United States, 165 U.S. 553, 17 S.Ct. 448, 41 L.Ed. 823 (1897) (citing Keyes v. United States, 109 U.S. 336, 3 S.Ct. 202, 27 L.Ed. 954 (1883)); United States v. Dean, 20 C.M.A. 212, 43 C.M.R. 52, 1970 WL 7427 (1970); United States v. Smith, 41 M.J. 817 (N.M.Ct.Crim.App.1995).
Article 16, UCMJ, 10 U.S.C. § 816, is the statute that classifies courts-martial. It provides that a general court-martial consists of:
(A) a military judge and not less than five members; or
(B) only a military judge, if before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests orally on the record or in writing a court composed only of a military judge and the military judge approves[.]
(Emphasis added). RCM 903 similarly states that the accused may request trial by military judge alone before assembly.
In Dean, the United States Court of Military Appeals, relying on the Supreme Court holdings cited above, strictly construed Article 16 and held that without strict compliance with the statute, a court composed of a military judge alone is “not lawfully constituted as a court.” 43 C.M.R. at 55. See also United States v. Nix, 21 C.M.A. 76, 44 C.M.R. 130, 1971 WL 12467 (1971)(finding jurisdictional error when the request for trial by judge alone was not submitted until after one witness had testified) and United States v. Fife, 20 C.M.A. 218, 43 C.M.R. 58, 1970 WL 7430 (1970)(also finding jurisdictional error when the accused did not submit his request for trial by military judge alone until after findings).
The lesson learned from these cases, as aptly summarized by Senior Judge Reed in Smith, is that strict compliance with Article 16, UCMJ, is required, that a military judge cannot sit as a fact-finder or sentencing authority absent an affirmative request, and that such a request must occur before assembly. We have found no published case that has addressed the specific facts we have before us. But we are convinced that if jurisdictional error exists when the accused makes his request for trial by military judge alone after the testimony of one witness, or at the end of findings, that such an error also exists when he makes the request even later in a post-trial session. Therefore, in light of the language of Article 16, UCMJ, requiring the request to be made prior to assembly of the court-martial, we hold that a post-trial session conducted under RCM 1102 cannot be used as the vehicle to correct such an error. See United States v. Roman, 22 C.M.A. 78, 46 C.M.R. 78, 1972 WL 14396 (1972); United States v. Dorsey, 26 M.J. 538 (A.F.C.M.R.1988); United States v. Staruska, 4 M.J. 639 (A.F.C.M.R.1977). We are not free to ignore the plain language of the statute.
The Government strongly argues that this case is distinguished from Smith because in that case there was no request at all on the record for trial by military judge alone, while here there is such a request. But we do not believe that is the test. Not only must there be an oral or a written request by the accused, but the statute requires it to take place prior to assembly. Article 16, UCMJ; RCM 903(a)(2). If it does not, a court composed of a military judge alone is not a lawfully constituted court. Dean, 43 C.M.R. at 55. Therefore, Judge Quigley’s statement that the court was assembled in this case was incorrect. In effect, no court existed.
We also find the Government’s reliance on United States v. Pettaway, 24 M.J. 589 (N.M.C.M.R.), petition denied, 25 M.J. 483 (C.M.A.1987) to be misplaced. In Pettaway, the military judge did not inform the accused of his forum rights, but there was evidence that he had been informed. His court-martial was composed of members. The case did not involve a missing request for trial by military judge alone, and it did not concern the issue of strict compliance with Article 16(1)(B), UCMJ. Both Dean and Smith are the controlling eases we must follow.
During the post-trial session, the military judge referred to an indication in pretrial “paperwork” that the accused de *768 sired trial by military judge alone, and that the request was approved. We place no weight on this “request.” First, there was no indication that it was a request by the accused rather than a memorandum from his defense counsel. We interpret Article 16, UCMJ, to require the accused to request trial by military judge alone personally on the record after consulting with defense counsel. Requests by counsel do not suffice. Second, such pretrial paperwork expresses only an intent as to the type of forum desired. The final word must come from the accused personally in writing or orally on the record prior to assembly.
The next question is what must we set aside in this case in light of the jurisdictional error? The appellant providently pled guilty, his pleas were accepted, and the military judge entered guilty findings and adjudged a sentence. RCM 910(g) allows the military judge to enter guilty findings based on pleas of guilty during an Article 39(a) session immediately upon acceptance of the pleas. Therefore we see no basis to disturb the findings. The appellant argues we should set aside the findings as to the specifications involving distribution because the military judge re-opened the providence inquiry as to those offenses. His argument is that the guilty pleas to those offenses were not provident until after the post-trial session. We do not agree. We find that the appellant’s guilty pleas were provident without the post-trial session.
Based on the above, we believe that the jurisdictional error affects only the sentence. Accordingly, the findings are affirmed. The sentence is set aside. The same or a different convening authority may order a rehearing on sentence.
Judge DOMBROSKI and Judge CLARK concur.

. I. APPELLANT WAS UNLAWFULLY SUBJECTED TO PRETRIAL CONFINEMENT AND THE MILITARY JUDGE ERRED BY DENYING THE DEFENSE MOTION FOR ADMINISTRATIVE CREDIT. R.C.M. 305(k). (CITATIONS OMITTED).
II. PURSUANT TO THE MATTERS SET FORTH IN THE CLEMENCY PETITION PRESENTED BY TRIAL DEFENSE COUNSEL, THE APPROVED SENTENCE IS INAPPROPRIATELY SEVERE.
In view of our disposition of the specified issue, we do not reach these issues.

. Record at 47.