**UNITED STATES**

v.

**Allan L. TURNER, 300–50–2450 Chief Warrant Officer 2(W–2), U.S. Navy.**

**NMCM 95 00904.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Decided 10 Dec. 1996.

Maj David S. Jonas, USMC, Appellate Defense Counsel.

1. I. THE MILITARY JUDGE ERRED IN ALLOWING, OVER VIGOROUS DEFENSE OBJECTION, THE TRIAL COUNSEL TO ELICIT TESTIMONY OF UNCHARGED MISCONDUCT TO PROVE SIMILAR CONDUCT OCCURRED ON THE CHARGED DATES.

II. THE GOVERNMENT FAILED TO PROVE BEYOND A REASONABLE DOUBT APPELLANT'S GUILT TO ALL CONTESTED OFFENSES.

III. APPELLANT WAS WRONGFULLY CONVICTED OF ASSAULT FOR CONDUCT WHICH MEETS THE DEFINITION OF JUSTIFIABLE PARENTAL DISCIPLINE.

IV. THE MILITARY JUDGE ERRED IN FINDING THAT AMENDMENTS MADE TO THE CHARGES AND SPECIFICATIONS WERE NOT MAJOR CHANGES.

V. TRIAL DEFENSE COUNSEL PROVIDED INEFFECTIVE REPRESENTATION BY NOT

Richard T. McNeil, Civilian Defense Counsel.

Mary Ramsay McCormick, Civilian Defense Counsel.

LCDR N.B. Jones, JAGC, USN, Appellate Government Counsel.

Before KEATING and CLARK, Senior Judges, OLIVER, J.

OLIVER, Judge:

A general court-martial, consisting of military judge alone, convicted appellant, contrary to his pleas, of numerous offenses of sodomy, assault, indecent acts, and attempting to impede an investigation. His sentence included 9 years confinement and dismissal from the naval service. The convening authority approved the sentence. In addition to the six assignments of error appellate counsel raised,[1] this Court specified the following additional issue:

DOES THE ABSENCE OF AN ORAL REQUEST ON THE RECORD OR A WRITTEN REQUEST SIGNED PERSONALLY BY THE ACCUSED FOR TRIAL BY MILITARY JUDGE ALONE CONSTITUTE JURISDICTIONAL ERROR? *See United States v. Mayfield,* 43 M.J. 766 (N.M.Ct.Crim.App.1995); Article 16, UCMJ; R.C.M. 903(b)(2).

The parties agree that the record contains neither a written request the accused signed personally for trial by military judge alone nor an oral request he made personally on the record to the same effect.[2] There is also,

INTRODUCING, ON THE MERITS, EVIDENCE OF APPELLANT'S OUTSTANDING MILITARY RECORD.

VI. A SENTENCE OF CONFINEMENT FOR NINE YEARS AND A DISMISSAL IS INAPPROPRIATELY SEVERE.

2. The entire colloquy bearing on this issue is as follows:

TC: Sir, I believe the defense has provided a written request for judge alone. Would you like to add that to the record or orally take care of that?

MJ: We can add that to the record.

TC: Judge, we can take care of that orally, if you prefer.

MJ: I have it, and I'll mark that Appellate Exhibit VII[sic]. Any other documents?

TC: No further documents.

we note, no record of the military judge having *approved* any such request. Because we conclude that this general court-martial never properly acquired jurisdiction to try this case, we need not address the other assignments of error at this time.

■ Article 16(1) of the Uniform Code of Military Justice, 10 U.S.C. § 816 (1994)[hereinafter UCMJ], provides the statutory requirement for properly convening a general court-martial. A general court-martial consists of "a military judge and not less than five members...." Article 16(1)(A), UCMJ. However, the statute also permits a general court-martial to consist of "only a military judge, if before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests orally on the record or in writing a court composed only of a military judge and the military judge approves...." Article 16(1)(B), UCMJ (emphasis added). We believe that this language unambiguously requires the accused to personally select trial by military judge alone, whether it be "orally on the record or in writing." *Id.*

A court composed of a military judge alone is not a court-martial without strict compliance with Article 16, UCMJ. In *United States v. Dean,* 20 C.M.A. 212, 43 C.M.R. 52, 55, 1970 WL 7427 (1970), the Court of Military Appeals held: "Without compliance with the provisions of Article 16 ..., a court composed of a military judge alone is not lawfully constituted as a court." *See also United States v. Mayfield,* 43 M.J. 766, 769 (N.M.Ct. Crim.App.1995), *set aside on other grounds,* No. 96–5002 (Sept. 27, 1996).

The *Dean* Court considered the Government's position that there was no indication that the choice in the case "was not intelligent or voluntary," that there was no "preju-

dice to the accused," and that demanding compliance with the specific requirements of the statute would be "an insistence on a meaningless ritual or the elevation of form over substance." *Dean,* 43 C.M.R. at 55. However, our superior court was unpersuaded. Relying on Supreme Court precedent, a majority of the *Dean* Court concluded that they were "not free to alter a plain requirement of the law." It reversed the decision of the lower court, set aside the findings of guilty and the sentence, and returned the record for a possible new trial. *Id.*

We note, of course, that *Dean* was decided before the 1983 amendment to Article 16, UCMJ. At that time, the only way for a military judge sitting alone to acquire jurisdiction was to have the accused personally sign a written request. The problem in *Dean* was that, although the accused personally requested a judge-alone trial orally on the record, he and his counsel failed to submit a written request which the accused had signed. However, the opinion retains precedential value for its holding that strict compliance with the statute is essential for the court-martial to be "lawfully constituted." *Dean,* 43 C.M.R. at 55. In *United States v. Mayfield,* No. 96–5002, slip op. at 7–8, the Court of Appeals of the Armed Forces set aside the decision of this Court which held that a post-trial session, at which the accused personally confirmed his desire for a judge alone trial, was insufficient to meet the requirements of Article 16, UCMJ. At the same time the *Mayfield* Court "reject[ed] the invitation to overrule *United States v. Dean.*" *Mayfield,* No. 96–5002, slip op. at 7.

■ Having the accused personally make his request as to the composition of the court-martial on the record or in writing is

---

MJ: Lieutenant Seacrist, I take it from this request that the decision has been made to go judge alone?
DC: Yes, sir.
Record at 40. The "written request for judge alone," which was appended to the record as Appellate Exhibit VIII, was a one-paragraph letter, dated 3 January 1995, from the defense counsel to the trial counsel which read: "1. Please accept this as notice that the accused has authorized me to state that he will select judge-alone as the forum for the aforementioned case.

CWO2 Turner has been advised of his rights to trial by members, and has knowingly, voluntarily and intelligently waived trial by members." Trial defense counsel signed this correspondence; however, the appellant did not.

We note that the military judge had explained to the appellant his rights related to the composition of his court-martial at a preliminary session on 4 November 1994. Record at 4–5. The appellant and his counsel deferred making a choice. *Id.* at 5.

not a "meaningless ritual." *Dean,* 43 C.M.R. at 55. Rather, it is the only way for the military judge sitting alone to obtain jurisdiction. Strict compliance with jurisdictional requirements for courts-martial is a longstanding mandate. As far back as 1887 the Supreme Court observed:

A court martial organized under the laws of the United States is a court of special and limited jurisdiction. It is called into existence for a special purpose and to perform a particular duty. When the object of its creation has been accomplished it is dissolved.... To give effect to its sentences it must appear affirmatively and unequivocally that the court was legally constituted; that it had jurisdiction; that all the statutory regulations governing its proceedings had been complied with, and that its sentence was conformable to law.... There are no presumptions in its favor so far as these matters are concerned.

*United States v. Runkle,* 122 U.S. 543, 555–56, 7 S.Ct. 1141, 1146, 30 L.Ed. 1167 (1887) (citations omitted). *See McClaughry v. Deming,* 186 U.S. 49, 65–66, 22 S.Ct. 786, 792–93, 46 L.Ed. 1049 (1902).

The Government relies on Rule for Courts–Martial 903(b)(2) for the proposition that counsel may enter the request as to the composition of the court-martial on behalf of his client: "A request for trial by military judge alone shall be in writing and signed by the accused or shall be made orally on the record." Rules for Courts–Martial 903(b)(2), Manual for Courts–Martial, United States (1995 ed.)[hereinafter R.C.M.]. By including the phrase "by the accused" in the written option while not including that phrase in the oral option, the Government argues that the President, in promulgating R.C.M. 903(c)(2), intended for either the accused, or counsel acting on his behalf, to make the oral request. *See* R.C.M.

502(d)(6), Discussion (B) ("Defense counsel must explain to the accused: the elections available as to composition of the court-martial and assist the accused to make any request necessary to effect the election...."); R.C.M. 903(a)(2). We do not agree.

 While the Rules for Courts–Martial provide important procedural guidelines for practitioners, the substantive law, binding upon us, is that which the Congress and the Courts have promulgated. *See United States v. Johnson,* 25 M.J. 878, 884 (N.M.C.M.R.1988). In *United States v. Ware,* 1 M.J. 282 (C.M.A.1976), the Court of Military Appeals (now the Court of Appeals for the Armed Forces) made this clear: "[T]he President's power, under Article 36, UCMJ, to prescribe procedural guidelines before courts-martial is limited to rules not contrary to or inconsistent with the Code...." *Id.* at 285 (footnotes omitted). Article 16 requires the accused to request trial by judge alone personally on the record. An oral request by counsel on his behalf is not sufficient. *See Mayfield,* 43 M.J. at 770 ("Requests by counsel do not suffice").

The Government argues that our decision in *Mayfield* went too far and that, although the accused must personally sign a written request, counsel may make an oral request on his client's behalf. We think that both law and logic support this Court's conclusion in *Mayfield* that Article 16 requires "the accused to request trial by military judge alone personally on the record after consulting with defense counsel." *Mayfield,* 43 M.J. at 770 (emphasis added). Therefore, we now specifically adopt the reasoning in *Mayfield* and apply it, along with the unambiguous language of Article 16 and the holding of our superior court in *Dean,* as the law in this case.[3]

When asked during oral argument for additional authority for the proposition that the trial defense counsel can select the composi-

---

**3.** We are aware that our superior court recently set aside our decision in *Mayfield.* —— M.J. at ——. We are also aware that they opined: "Any error in this case was in the technical application of the statutory rules and was not a matter of substance leading to jurisdictional error." However, the holding in *Mayfield* is easily distinguishable from the case before us. Unlike *Mayfield,*

there was never any post-trial session at which the accused personally confirmed his choice of being tried before a judge alone. Moreover, the *Mayfield* Court held "that there was no jurisdictional error" and "reject[ed] the invitation to overrule *United States v. Dean....*", *Mayfield,* No. 96–5002, slip op. at 7.

tion of the court-martial on behalf of his client, the Government could cite no cases. (We note that, other than the above language in *Mayfield,* the appellant was equally unable to cite any case authority for the contrary conclusion.) Instead, the Government referred to the Discussion following R.C.M. 903(c)(2)(A): "Ordinarily the military judge should inquire personally of the accused to ensure that the accused's waiver of the right to trial by members is knowing and understanding. Failure to do so is not error, however, where such knowledge and understanding otherwise appear on the record." The Analysis of R.C.M. 903(c) states: "[This subsection] does not require an inquiry of the accused by the military judge, although ... it is good practice to do so, and failure to do so could be error if the record otherwise left the accused's understanding of the rights in doubt." MCM, App. 21, at A21–50. (citations omitted).

While the Discussion and Analysis contained in the Manual are usually helpful in understanding the applicable Rule and the substantive law, if this language is taken to mean that the military judge need not obtain an oral request for trial by judge-alone from the accused personally, it is incorrect and misleading. But we believe this is not what the drafters intended by this language. Rather, we believe the drafters were referring to the recommended practice of explaining to the accused, on the record, his rights as to the possible compositions of the court-martial, in some detail, to ensure his full understanding.

The authorities cited immediately following this part of the Analysis buttress our conclusion in this respect. *See, e.g., United States v. Turner,* 20 C.M.A. 167, 43 C.M.R. 7, 1970 WL 7413 (1970); *United States v. Jenkins,* 20 C.M.A. 112, 42 C.M.R. 304, 1970 WL 7079 (1970). Of the authorities cited, the legislative history behind the 1983 amendment of Article 16 is particularly instructive:

*Section 3(a)* amends Article 16(1)(B) to permit an oral request for trial by judge alone. At present, trial by judge alone is authorized only upon written request. The requirement for a written request ... creates the possibility of administrative error

even if **the accused** on the record makes a knowing, voluntary, oral choice for trial before a specific judge.... Nothing in this amendment modifies ... the military judge's responsibility to determine that **the accused** understands the options and that **the accused** has had an adequate opportunity to consult with counsel about the choice. Likewise, the amendment does not affect the military judge's responsibility to ensure that the accused has made a knowing, voluntary request if the accused elects to be tried by judge alone. *See United States v. Parkes,* 5 M.J. 489 ( [C.M.A.] 19[78] ).

S.Rep. No. 98–53, at 12 (1983)(emphasis added).

The Analysis of R.C.M. 903(c) also cites the Court of Military Appeals decision in *Parkes.* MCM, App. 21, at A21–50. In *Parkes* (as in *Turner* and *Jenkins* ), the appellant complained that the military judge had failed to adequately assure himself that he had "understandingly" made his request for military judge alone. *Parkes,* 5 M.J. at 490. The military judge had asked a series of questions of the appellant personally to assure himself that he indeed understood the differences and wanted to be tried by judge alone. *Id.* at 490 nn. 2–4 (and accompanying text). However, while the inquiry could have been more thorough, there was no jurisdictional defect of the sort present in this case because the accused had personally signed the written request to be tried by judge alone.

In 1987 this Court reviewed the import of the language in the Discussion following R.C.M. 903(c). *United States v. Pettaway,* 24 M.J. 589 (N.M.C.M.R.)(per curiam), *petition denied,* 25 M.J. 483 (C.M.A.1987). In *Pettaway* the military judge had failed to fully advise the accused of his rights with respect to the composition of the court-martial. While criticizing this failure, this Court found no prejudicial error, much less any jurisdictional defect, and affirmed his conviction. *Id.* at 591. The critical distinction in *Pettaway* was that the appellant ended up having his case tried before a court-martial composed of officer members. *Id.* Therefore, the general court-martial which tried

his case had direct jurisdiction under Article 16(1)(A), UCMJ. Under such circumstances, the military judge had no mandatory responsibility to obtain the accused's review of each alternative; the guidance in the Discussion to inform him of all of his options was merely advisory.[4]

The Government further argues that the trial defense counsel undertakes various critical trial evolutions on behalf of his client. For example, he or she normally enters pleas on behalf of the accused. *See* MCM, at A8–5; R.C.M. 910.[5] However, if the accused elects to plead guilty, the military judge must make a comprehensive factual inquiry into the accused's personal understanding of the offense(s) to which the plea was made. *United States v. Care*, 18 C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969). As we all know, the *Care* inquiry requires a significant interchange directly with the accused, verifying that he or she in fact wants to plead guilty and that the facts support this decision. *Id.* 40 C.M.R. at 253–54. *See also* R.C.M. 910(c)(1)–(5).

Other trial evolutions which a counsel routinely performs on behalf of his client, such as arguing motions, conducting *voir dire*, objecting to evidence, or examining witnesses, all require the professional abilities of a trained lawyer. And, of course, none of them implicates a fundamental jurisdictional requirement of the court-martial itself.

■ As an independent defect in the court-composition selection process in the case before us, we note that the military judge never expressly **approved** a request by the accused in any form for trial by judge alone. A request for trial by judge alone is not operative when the accused makes it, but rather only on approval by the military judge. *United States v. Morris*, 23 C.M.A. 319, 324, 49 C.M.R. 653, 658, 1975 WL 15885 (1975)(providing that the jurisdiction of a judge-alone court-martial exists only when the accused requests and "the military judge approves" such request).

The Government argues that the military judge tacitly approved the appellant's attorney's request to proceed to trial by military judge alone. While we have little doubt that all the participants were in agreement as to the composition of this court-martial, we conclude that any **implied** approval to proceed to trial by judge alone was an insufficient substitute for the military judge **expressly** stating that he has approved the accused's request on the record. *See United States v. Runkle*, 122 U.S. 543, 7 S.Ct. 1141, 30 L.Ed. 1167 (1887)("There are no presumptions in [a court-martial's] favor so far as [jurisdiction is] concerned.... 'It is not sufficient that jurisdiction may be inferred....'") *Id.* at 556, 7 S.Ct. at 1146 (quoting *Brown v. Keene*, 33 U.S. [8 Pet.] 112, 115, 8 L.Ed. 885 (1834)(per Marshall, C.J.)).

■ Finally, having found that the process was defective, we must consider the appropriate remedy. As in *Dean*, we do not believe there was any prejudice to the appellant as a result of the defects in the process by which the court failed to acquire jurisdiction. *Dean*, 43 C.M.R. at 55. Indeed, we are convinced that all the parties acquiesced. However, as the Supreme Court observed in *Deming*, "[appellant's] consent could no more give jurisdiction to this court-martial ... than if it were composed of a like number of civilians...." *Deming*, 186 U.S. at 66, 22 S.Ct. at 793. *See* Article 66(c),(d), UCMJ; *Dean*, 43 C.M.R. at 55. *See also United States v. Smith*, 41 M.J. 817, 820–21 (N.M.Ct. Crim.App.1995), and the cases cited therein.

Since the court-martial was never properly constituted, we need not examine whether or not there was plain error, *see United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), or concern ourselves with whether the appellant suffered actual prejudice as a result. It is well settled that the only appropriate remedy for a fatal jurisdic-

---

4. There was a *DuBay* hearing in *Pettaway* which established that the appellant's detailed defense counsel had "extensively informed" him of his rights with respect to the composition of his court-martial. *Pettaway*, 24 M.J. at 591. We will not speculate what the Court of Appeals for the Armed Forces would have done had this information been unavailable.

5. This is probably because entering pleas, especially when pleading guilty by exceptions and substitutions, can be a complicated task.

tional defect on appeal is to set aside the findings and sentence. *Deming,* 186 U.S. at 69–70, 22 S.Ct. at 794 (holding that a jurisdictional defect is fatal to the effect of the court-martial). As our superior court concluded when faced with a similar jurisdictional defect in *United States v. Ryan,* 5 M.J. 97, 101–02 (C.M.A.1978): "As a fundamental defect existed ... there was no court at all. Accordingly, reversal is compelled.... The findings and sentence [must be] set aside." [6]

For the reasons discussed above, we hold that the military judge had no jurisdiction to try this general court-martial. Accordingly,

the findings and sentence are set aside. The same or a different convening authority may order a rehearing.

Senior Judge KEATING and Senior Judge CLARK concur.

---

6. If Congress wants to amend Article 16 to permit counsel to select the composition of the court-martial on behalf of the accused, it certainly has the power to do so. However, based on our experience, we do not view this as a recurring or systemic problem. Our trial judges simply need to follow the language of the appropriate trial guide to ensure that each court-martial is properly constituted.