[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14932
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 26, 2011
JOHN LEY
CLERK

D. C. Docket No. 09-00014-CR-5-RS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER ANTONIO OWENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 26, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Christopher Antonio Owens appeals his conviction for illegally possessing a

firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The sole issue the appeal presents is whether the district court erred by refusing to suppress firearms found in Owens's vehicle during the course of a search incident to his arrest on November 6, 2008. The court found that the search was unlawful in light of the Supreme Court's decision in *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), but that it complied with the law in effect at the time the search was performed. Because the officers reasonably relied on then-binding appellate precedent, the court admitted the firearms under the good-faith exception to the exclusionary rule.

Owens concedes that the good-faith exception may, in some cases, apply where the police relied on pre-*Gant* law. He contends, however, that the exception should not apply given the particular facts at hand. Specifically, he says that his arresting officers demonstrated bad faith by targeting him for a traffic stop based on suspicion of other crimes, and by flagrantly violating his *Miranda*[1] rights.

We review *de novo* whether the good-faith exception applies to a search, but "the underlying facts upon which that determination is based are binding on appeal unless clearly erroneous." *United States v. Martin*, 297 F.3d 1308, 1312 (11th Cir. 2002) (quotation omitted). "[W]hen considering a ruling on a motion to suppress,

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2

all facts are construed in the light most favorable to the prevailing party below." *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000).

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. We have previously held that "a decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation occurred, and [that] an officer's motive in making the traffic stop does not invalidate what is otherwise objectively justifiable behavior under the Fourth Amendment." *United States v. Simmons*, 172 F.3d 775, 778 (11th Cir. 1999) (citation and quotations omitted). Under Florida law, the act of driving on a suspended license is a criminal traffic offense, punishable as no less than a second-degree misdemeanor. Fla. Stat. § 322.34(2), (10)(b).

Even when a vehicle has been lawfully stopped, the Fourth Amendment generally prohibits warrantless searches of the interior. *United States v. Magluta*, 418 F.3d 1166, 1182 (11th Cir. 2005). There are several exceptions to the warrant requirement, however, including an exception allowing officers to search incident to a lawful custodial arrest. *United States v. Freire*, 710 F.2d 1515, 1521 (11th Cir. 1983). Under Florida law, officers may conduct a warrantless arrest of any individual who commits a misdemeanor in their immediate presence. Fla. Stat.

3

§ 901.15(1).

As to the permissible scope of searches incident to arrest, the Supreme Court's 1981 decision in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), was, for many years, the seminal case on that matter. *Davis v. United States*, 564 U.S. ___, 131 S.Ct. 2419, 2424, 180 L.Ed.2d 285 (2011) (discussing *Belton*). *Belton* specifically held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." 453 U.S. at 460, 101 S.Ct. at 2864. We adopted an expansive view of *Belton*, reading it to establish a bright-line rule authorizing the search of a vehicle's passenger compartment regardless of whether the arrestee had control over the compartment at the time of the search. *See United States v. Davis*, 598 F.3d 1259, 1262 (11th Cir. 2010). In *Arizona v. Gant*, however, the Supreme Court rejected the expansive view of *Belton* and implemented a more restrictive test. 556 U.S. at ___, 129 S.Ct. at 1719. Since *Gant*, searches incident to arrest are permitted only where the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search, or where the officer has a reasonable belief that the vehicle contains evidence of the crime of arrest. *Id.* at ___, 129 S.Ct. at 1723.

"[S]uppression is not an automatic consequence of a Fourth Amendment violation." *Herring v. United States*, 555 U.S. 135, 137, 129 S.Ct. 695, 698, 172 L.Ed.2d 496 (2009). Rather, the exclusionary rule applies only where its potential to deter future violations outweighs the substantial social costs of letting guilty defendants go free. *Id.* at 141, 555 U.S. at 701. In light of this limitation, the Supreme Court has repeatedly held that suppression is not appropriate where a Fourth Amendment violation occurs despite the officers' exercise of "good faith." *Id.* at 142, 555 U.S. at 701. For example, the good-faith exception applies where officers act in reasonable reliance on a subsequently invalidated warrant or a statute later declared unconstitutional. *Id.* (citing cases). In *Davis v. United States*, the Supreme Court recently considered whether the exception applies to searches authorized by the law in existence at the time they occurred. 564 U.S. at ___, 131 S.Ct. at 2428. After balancing the benefits and costs of suppression, the Court held: "when the police conduct a search in objectively reasonable reliance on binding appellate precedent, the exclusionary rule does not apply." *Id.* at ___, 131 S.Ct. at 2427-29, 2434.

In the instant case, the arresting officers stopped Owens with probable cause to believe that he was driving on a suspended license, and searched the passenger compartment of his vehicle based on a proper understanding of pre-*Gant* law.

5

Contrary to Owens's argument on appeal, the *Davis* decision established a blanket rule that the good-faith exception applies to searches performed in reasonable reliance on then-binding appellate precedent. Although the *Davis* Court discussed the need to weigh the costs and benefits of suppression, it did so only in the context of formulating this blanket rule. Accordingly, the *Davis* analysis does not require us to consider alleged misconduct that fell short of violating the Fourth Amendment—as understood at the time of the search—nor does it require consideration of unrelated constitutional violations.

AFFIRMED.