UNITED STATES, Appellee

v.

William J. ST. BLANC Jr., Senior Airman
U.S. Air Force, Appellant

No. 10-0178

Crim. App. No. 37206

United States Court of Appeals for the Armed Forces

Argued October 25, 2011

Decided January 20, 2012

RYAN, J., delivered the opinion of the Court, in which
ERDMANN and STUCKY, JJ., and COX, S.J., joined. BAKER,
C.J., filed a separate opinion concurring in part and
dissenting in part.

Counsel


For Appellant: Captain Ja Rai A. Williams (argued);
Lieutenant Colonel Gail E. Crawford, Major Matthew C.
Hoyer, Major Michael S. Kerr, and Captain Nicholas W. McCue
(on brief); Major Shannon A. Bennett.

For Appellee: Major Deanna Daly (argued); Colonel Don M.
Christensen, Lieutenant Colonel Linell A. Letendre, Major
Jamie L. Mendelson, and Gerald R. Bruce, Esq. (on brief);
Lieutenant Colonel Jeremy S. Weber.

Military Judge: Nancy J. Paul

**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION**.

Judge RYAN delivered the opinion of the Court.

Contrary to his pleas, Appellant was found guilty by a military judge sitting as a general court-martial of one specification of attempting to communicate indecent language to a person believed to be under age sixteen, and one specification of wrongful and knowing possession of four videos and fifteen visual depictions of "what appears to be" minors engaging in sexually explicit conduct, in violation of Articles 80 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 934 (2006). Appellant was sentenced to a bad-conduct discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved the sentence but deferred the adjudged forfeitures and waived the mandatory forfeitures for a period of one month.

The United States Air Force Court of Criminal Appeals (AFCCA) affirmed.[1] St. Blanc, 2009 CCA LEXIS 433, at *8,

---

[1] In its initial review, the AFCCA affirmed the findings but did not affirm the sentence because the Action did not reflect the convening authority's deferral of the adjudged forfeitures and waiver of the mandatory forfeitures for a period of one month. United States v. St. Blanc, No. ACM 37206, 2009 CCA LEXIS 433, at *7-*8, 2009 WL 4110805, at *3 (A.F. Ct. Crim. App. Oct. 21, 2009) (unpublished). The AFCCA remanded the case for the convening authority to withdraw the erroneous Action and substitute a corrected Action. Id. at *8, 2009 WL 4110805, at *3. Upon a second review, the AFCCA recognized that the corrected Action

2009 WL 4110805, at *3. We granted Appellant's petition for review to consider whether Appellant's decision to seek trial by military judge alone was knowing and voluntary when his counsel "misadvised" him of the maximum punishment that he faced.[2] We conclude that Appellant's decision to choose trial by military judge alone complied with Rule for Courts-Martial (R.C.M.) 903, and was knowing and voluntary. We remand, however, for resentencing in light of United States v. Beaty, 70 M.J. 39 (C.A.A.F. 2011).

## I. FACTUAL BACKGROUND

Starting in May 2006, Appellant engaged in sexually explicit online conversations with an undercover agent posing as a thirteen-year-old girl with the screen name

---

complied with its directions and affirmed the sentence. United States v. St. Blanc, No. ACM 37206, 2010 CCA LEXIS 147, at *1, 2010 WL 4117554, at *1 (A.F. Ct. Crim. App. Mar. 19, 2010) (unpublished) (per curiam).

[2] On August 12, 2010, we granted the petition for review on the following issue:

> I. WHETHER APPELLANT'S FORUM SELECTION WAS NOT MADE KNOWINGLY AND VOLUNTARILY BECAUSE HE WAS MISADVISED BY ALL PARTIES REGARDING THE MAXIMUM PUNISHMENT FOR POSSESSION OF WHAT "APPEARS TO BE" CHILD PORNOGRAPHY.

On June 1, 2011, this Court ordered the parties to file additional briefs "addressing Beaty and whether Appellant waived his right to a trial by court members based on the misapprehension of the maximum punishment." United States v. St. Blanc, 70 M.J. 208 (C.A.A.F. 2011) (order).

"swtmandygal13."  As a result of these conversations, the Air Force Office of Special Investigations interviewed Appellant and conducted a search of his residence, during which it seized several computers and compact discs.  In the seized media, Defense Computer Forensics Lab discovered photographs and videos containing suspected child pornography.  Based on this evidence, the Government charged Appellant with, inter alia, two specifications of possession of (1) four videos and (2) eighteen visual depictions of "what appears to be" minors engaging in sexually explicit conduct, in violation of Article 134, UCMJ.

Prior to trial, Appellant discussed the potential maximum punishment for the offenses as charged with his counsel.  Appellant's counsel noted that, in this case, "there was some unpredictability in the maximum punishment" because of the two specifications charged under Article 134, UCMJ.  Counsel explained, however, that the "comparable federal statute" -- the Child Pornography Prevention Act of 1996 (CPPA), 18 U.S.C. § 2252A (2006) -- would serve "as a ceiling for confinement."  Looking to the CPPA, counsel informed Appellant, erroneously, that he

4

faced a possible maximum punishment of forty-nine years if convicted of all charges.[3]

As to forum selection, counsel "told [Appellant] that neither a judge nor a panel would be likely to sentence him to anywhere near the maximum punishment." Nonetheless, counsel recommended that Appellant choose a trial by military judge alone. This recommendation was based on counsel's previous experience with the military judge assigned to preside over Appellant's court-martial proceedings and on the nature of the charges and evidence in his case. Prior to trial, Appellant submitted a written request for trial by military judge alone.

Before accepting Appellant's request, the military judge conducted a forum rights advisement, in accordance with R.C.M. 903. She began the advisement by providing

---

[3] Trial defense counsel reached this figure by adding two years for attempted indecent communication with a minor, seven years for attempted indecent liberties, and twenty years each for possession of child pornography (1) videos and (2) visual depictions. In so doing, it appears that trial defense counsel mistakenly relied upon 18 U.S.C. § 2252A(b)(1) which punishes a number of child pornography offenses under the law instead of § 2252A(b)(2) which punishes only simple possession -- the charge that Appellant faced. Compare 18 U.S.C. § 2252A(b)(1) (imposing a maximum punishment of twenty years), with 18 U.S.C. § 2252A(b)(2) (imposing a maximum punishment of ten years). Appellant does not argue that he would have elected trial by members if he was informed that the maximum punishment he faced was twenty-nine years rather than forty-nine years.

Appellant with a detailed description of his right to trial by members or by military judge alone. The military judge then ensured, and Appellant verbally acknowledged, that he understood the difference between the forums and his rights with respect to election.

After ensuring that Appellant knew his rights, the military judge then considered Appellant's written request. She first verified Appellant's signature on his written request and then verified that, prior to making his request, Appellant was aware that she would be the military judge in his case and that he was giving up his right to trial by members. After Appellant confirmed these facts, the military judge approved his request to be tried by military judge alone.

Shortly after forum selection, the military judge merged the two specifications for possession of child pornography under Charge II, dismissing Specification 2 and amending Specification 1 to read, "possess[ed] four videos and eighteen visual depictions."

Thereafter, the case proceeded to trial on the remaining charges, at the end of which the military judge found Appellant not guilty of attempt to take indecent liberties with a person believed to be under age sixteen, in violation of Article 80, UCMJ, and guilty of attempting

6

to communicate indecent language to a minor and possession of fifteen -- not eighteen -- visual depictions of "what appears to be" child pornography, in violation of Articles 80 and 134, UCMJ.[4]  Prior to sentencing, the following exchange took place regarding the maximum sentence that could be adjudged:

    TC:  Ma'am, in the quick 802, we needed a max
    sentence, too.

    MJ:  You mean just the inquiry into the maximum
    sentence that could be imposed?

    TC:  Just bringing it to your attention, not a
    big deal.

    MJ:  As far as I was concerned, the maximum
    sentence was confinement for 12 years --

    TC:  Yes, ma'am.

    MJ:  Forfeiture of all pay and allowances,
    reduction to the grade of E-1 and a dishonorable
    discharge.

    TC:  Yes, ma'am.

    MJ:  Okay.

While not explicit, given the finding of not guilty for the specification of attempting to take indecent liberties with a minor and the merger of two specifications of wrongful

_____

[4] It appears that the military judge found Appellant guilty of possessing only fifteen of the eighteen charged visual depictions because the defense's expert testimony called into question whether three of the images were of persons under the age of eighteen years.

7

and knowing possession of "what appears to be" child pornography, it appears that the military judge reached the maximum punishment by adding ten years -- the CPPA maximum for a single specification of possession of child pornography, see 18 U.S.C. § 2252A(b)(2), -- to the two-year maximum for attempting to communicate indecent language to a minor, see Manual for Courts-Martial, United States pt. IV, paras. 4.e., 89.e.(1) (2008 ed.) (MCM). Defense counsel did not object to this calculation. The military judge then sentenced Appellant to two years confinement, a bad-conduct discharge, reduction to E-1, and forfeiture of all pay and allowances.

The AFCCA issued its decision prior to our decision in Beaty, 70 M.J. 39 (setting aside the appellant's sentence because the military judge relied upon the CPPA to calculate the sentence maximum for possession of "what appears to be" child pornography). St. Blanc, 2009 CCA LEXIS 433, 2009 WL 4110805. The AFCCA therefore held that the military judge did not err in adopting the CPPA's ten-year maximum sentence for possession of child pornography even though the specification alleged possession of "what appears to be" child pornography. Id. at *7-*8, 2009 WL 4110805, at *2-*3. As a result, the court found the issue

8

regarding Appellant's forum selection to be moot, so it approved the findings.  Id.

## II.  DISCUSSION

### A.

The interpretation of UCMJ and R.C.M. provisions and the military judge's compliance with them are questions of law, which we review de novo.  See, e.g., United States v. Hunter, 65 M.J. 399, 401 (C.A.A.F. 2008); United States v. Roberts, 59 M.J. 323, 326 (C.A.A.F. 2004); United States v. Rendon, 58 M.J. 221, 224 (C.A.A.F. 2003).  Within the military justice system, an accused has a right to trial before a panel of military members.  United States v. Turner, 47 M.J. 348, 350 (C.A.A.F. 1997) ("Article 16 guarantees the right to a trial by court members."); United States v. Parkes, 5 M.J. 489, 489 (C.M.A. 1978) (recognizing that an accused has a "statutory right to trial by a court with members").  An accused also has a choice:  prior to trial, an accused has the right to elect to be tried by members or by a military judge alone. Article 16(1)(B), UCMJ, 10 U.S.C. § 816(1)(B) (2006).

In the military context, R.C.M. 903 protects the forum selection right codified in Article 16, UCMJ, by ensuring that an accused's waiver of the right to trial by members is knowing and voluntary.  To this end, the request for

trial by military judge alone must be made in a signed writing by the accused or made orally on the record. R.C.M. 903(b)(2). If the accused requests trial by military judge alone, the military judge must further ensure that the accused has: (1) "consulted with defense counsel" about the choice; (2) "been informed of the identity of the military judge;" and (3) been informed "of the right to trial by members." R.C.M. 903(c)(2)(A). In this way, R.C.M. 903 ensures that an accused understands the nature of the choice before waiving the right to trial by members. Cf. Turner, 47 M.J. at 350 (recognizing the need for a knowing waiver); Parkes, 5 M.J. at 489-90 (reviewing the adequacy of a military judge's forum selection inquiry to assure that the forum selection was "understandingly made").

B.

In this case, Appellant does not contest that the military judge complied with R.C.M. 903. Instead, Appellant claims that his waiver to trial by members was not knowing and voluntary because he received inaccurate information from his defense counsel regarding the maximum

punishment that he faced.[5]  Importantly, the "inaccuracy"

Appellant relies on is not counsel's initial mistake in

relying on 18 U.S.C. § 2252A(b)(1), see supra note 3, but

rather an inaccuracy based on a retroactive application of

Beaty, 70 M.J. 39.

"The maximum punishment authorized for an offense is a

question of law, which we review de novo."  Beaty, 70 M.J.

at 41 (citing United States v. Ronghi, 60 M.J. 83, 84-85

(C.A.A.F. 2004)).  Here, as in Beaty, Appellant was charged

with possession of "what appears to be" child pornography,

yet his maximum sentence was determined by reference to the

CPPA.  Beaty held that the maximum sentence for a

specification of possessing "what appears to be" child

pornography cannot be determined by reference to the CPPA.

Id. at 44 (explaining that because the CPPA does not punish

possession of "what appears to be" child pornography, it

was error "to utilize the punishment authorized for a

violation of the CPPA when setting the maximum

punishment").  As a result, and in the absence of the

President setting a sentence maximum for such an offense,

---

[5] Appellant also claims that the military judge misled him
as to the maximum punishment.  But Appellant could not have
based his forum selection on this as Appellant made his
forum selection before the military judge discussed the
maximum sentence.

id. at 42 & n.6, the maximum sentence for the offense today is that of a general or simple disorder under Article 134, UCMJ -- four months of confinement and forfeiture of two-thirds pay per month for four months.  Id. at 45.

According to Appellant, if he had known that the maximum punishment he faced for the original charges and specifications was only nine years and eight months, he would have elected trial by members, and, therefore, his decision was not knowing and voluntary because it was based on inaccurate information.

C.

We agree with Appellant that he should be correctly informed by his defense counsel of the maximum punishment he faces before making fundamental decisions in his case. See Strickland v. Washington, 466 U.S. 668, 688 (1984); United States v. Larson, 66 M.J. 212, 218 (C.A.A.F. 2008); cf. United States v. Straight, 42 M.J. 244, 251 (C.A.A.F. 1995) (holding that defense counsel's erroneous advice that a post-trial session posed a risk of an increase in the appellant's sentence and his decision based on this belief constituted "deficient performance within the meaning of Strickland" but finding no prejudice).  We also recognize that, where the accused has been grossly misled by a miscalculation or erroneous sentence estimation by defense

12

counsel, such conduct may constitute ineffective assistance of counsel.  See United States v. Herrera, 412 F.3d 577, 580 (5th Cir. 2005); United States v. Martinez, 169 F.3d 1049, 1053 (7th Cir. 1999); see also United States v. Benson, 127 F. App'x 808, 810-11 (6th Cir. 2005); United States v. Rodriguez Rodriguez, 929 F.2d 747, 753 (1st Cir. 1991); cf. United States v. Marshall, 45 M.J. 268, 273 (C.A.A.F. 1996) (concluding that counsel's advice did not constitute deficient performance but leaving open whether "an erroneous sentence estimation by defense counsel" could be deficient performance for purposes of ineffective assistance of counsel).  But see United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993) ("A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.").

There are, nonetheless, at least two problems with Appellant's assertion that counsel's sentence advice here can be recast as an unknowing and involuntary waiver of his right to trial by military members in this case.  First, as a threshold matter, we do not think the retroactive application of Beaty to cases on direct review stretches so far as Appellant suggests.  It is not insignificant that under the law as it existed when Appellant's counsel

13

calculated the maximum sentence, it was not a gross mischaracterization to state that the maximum sentence for possession of "what appears to be" child pornography could be calculated by reference to the CPPA. See United States v. Leonard, 64 M.J. 381, 384 (C.A.A.F. 2007) (holding that the military judge did not err by referencing 18 U.S.C. § 2252(a)(2) to identify the maximum punishment for wrongful and knowing receipt of child pornography in violation of clauses 1 and 2 of Article 134, UCMJ). Beaty had not been decided at the time of Appellant's court-martial proceeding.

While the rule from Griffith v. Kentucky, 479 U.S. 314, 328 (1987), see also United States v. Harcrow, 66 M.J. 154, 157 (C.A.A.F. 2008), provides the benefit of the holding from a case decided while another case is on direct appeal, it is at best unclear that the benefit stretches beyond the actual holding of the case.[6] See Davis v. United States, 131 S. Ct. 2419, 2430-34 (2011) (applying the retroactive application rule, noting that this did "not, however, determine what 'appropriate remedy' (if any) the defendant should obtain," and declining to extend

---

[6] In Beaty, the remedy was to set aside the sentence and authorize a sentence rehearing based on the revised maximum sentence, which was required by the holding in the case. 70 M.J. at 45.

exclusionary rule protection to the fruit of a "search conducted in objectively reasonable reliance" on then existing law); United States v. Owens, No. 09-14932 (Non-Argument Calendar), 2011 U.S. App. LEXIS 21787, at *5-*6, 2011 WL 5061634, at *2 (11th Cir. Oct. 26, 2011) (per curiam) (same).

It likewise follows that the Griffith rule does not extend so far as to encompass, and undo or undermine, any and all matters that might have been decided differently if Appellant was aware at point in time A that the law at point in time B would be different while his case was on direct appeal. Cf. United States v. Jacobs, 79 F. App'x 557, 560-61 (4th Cir. 2003) (per curiam) (holding that although Apprendi v. New Jersey, 530 U.S. 466 (2000), applied retroactively under Griffith to the issue of the appellant's sentence, the record did not "conclusively reveal[]" grounds for ineffective assistance of counsel with regard to the Apprendi issue).

Second, even if retroactivity swept as broadly as Appellant desires, we do not agree that the right to be properly informed of the sentence maximum is encompassed within Article 16, UCMJ. The right to elect the forum for trial, Article 16, UCMJ, is protected and implemented by R.C.M. 903, which requires that the election be knowing and

voluntary.  Nothing in the MCM or UCMJ suggests any reason for this Court to part ways with the federal courts, which treat erroneous advice as to sentence in a contested case as potential ineffective assistance of counsel and do not analyze it as potential involuntary waiver of a forum selection right.  See supra p. 12-13 (citing cases); cf. Article 36(a), UCMJ, 10 U.S.C. § 836(a) (2006) (providing the President with the authority to prescribe procedures "by regulations which shall . . . apply the principles of law and the rules of evidence generally recognized in the trial of criminal cases in the United States district courts").

Nor is there any textual or practical reason to do so. While there are myriad reasons an accused may choose one forum over another, R.C.M. 903 does not require that a military judge inquire into any non-enumerated factors or collateral matters that may have influenced the accused's election.  Moreover, as the facts of this case demonstrate, the difference between an accused's potential maximum punishment prior to arraignment, when forum selection is made, and the actual maximum sentence after findings -- impacted by dismissal of a charge or specification, merger of specifications, findings of guilty only to a lesser included offense, or findings of not guilty -- can be

16

significant. Thus, it would create an insoluble conundrum if failure of pretrial sentencing advice in this regard in a contested case were assessed under any standard other than ineffective assistance of counsel. See Herrera, 412 F.3d at 580; Martinez, 169 F.3d at 1053.

Under the terms of R.C.M. 903, Appellant made a knowing and voluntary election of trial by military judge alone.

D.

Although the decision to waive trial by members was valid, we must apply our holding in Beaty to the sentence,[7] see United States v. Mullins, 69 M.J. 113, 116 (C.A.A.F. 2010), and Appellant is entitled to sentence relief. Under Beaty, 70 M.J. at 44, the military judge calculated an incorrect maximum punishment, in reliance on the CPPA. That error was plain and obvious. See Harcrow, 66 M.J. at 158 (applying plain error analysis in the absence of an objection by defense counsel when the law changed while the case was on appeal). Given the disparity between the maximum sentence of twelve years calculated by the military judge and the actual maximum sentence of two years and four

---

[7] Senior Judge Cox did not participate in Beaty but agrees that Appellant was materially prejudiced by the incorrect calculation of the maximum sentence as required by the Court's decision in Beaty.

months, we cannot say that this error did not substantially influence the sentence and materially prejudice Appellant's substantial rights.  See Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2006).  The sentence must be set aside.

### III.  DECISION

The decision of the United States Air Force Court of Criminal Appeals is affirmed as to the findings, but is reversed as to the sentence.  Appellant's sentence must be set aside under United States v. Beaty, 70 M.J. 39 (C.A.A.F. 2011).  The record is returned to the Judge Advocate General of the Air Force.  A rehearing on the sentence may be ordered.

United States v. St. Blanc, No 10-0178/AF

BAKER, Chief Judge (concurring in part and dissenting in part):

I agree with the majority that "[u]nder the terms of R.C.M. 903, Appellant made a knowing and voluntary election of trial by military judge alone." United States v. St. Blanc, __ M.J. __ (17) (C.A.A.F. 2012).

However, I respectfully dissent from Section II. D of the majority opinion as well as the result based on my dissent in United States v. Beaty, 70 M.J. 39, 45 (C.A.A.F. 2011) (Baker, J., dissenting). In my view, a military violation of Article 134(1)(2), Uniform Code of Military Justice (UCMJ),[1] for possession of what "appears to be minors" engaging in sexually explicit conduct is directly analogous to the civilian offense of possessing any visual depiction "that is, or is indistinguishable from that of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(B), (11) (2006). Therefore, the maximum punishment Appellant could face for possession of "what appears to be child pornography" was ten years with reference to the Child Pornography Prevention Act, 18 U.S.C. § 2252A (2006), rather than four months as a general disorder.

---

[1] 10 U.S.C. § 934 (2006).