No. 14–0491/AR. U.S. v. Jacob T. Nemeth. CCA 20120653. On consideration of the granted issue, the judgment of the United States Army Court of Criminal Appeals, *United States v. Nemeth*, No. 20120653 (A. Ct. Crim. App. Mar. 7, 2014), and the judgment of this Court in *United States v. Phillips*, No. 14–0199/AR (C.A.A.F. Jan. 6, 2015), we conclude that Appellant is not entitled to have his guilty plea to disobeying the order of his superior commissioned officer under Article 90, UCMJ, 10 U.S.C. § 890 (2012), set aside. Appellant did not establish "a substantial basis in law or fact for questioning the guilty plea." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). He failed to produce evidence that his company commander issued the restriction order for the sole purpose of increasing the penalty that would apply if Appellant violated the restriction order. Therefore, it is ordered that the judgment of the United States Army Court of Criminal Appeals is hereby affirmed.

No. 14–0505/AR. U.S. v. Martin L. Carroll. CCA 20111158. On consideration of the granted issue, the judgment of the United States Army Court of Criminal Appeals, *United States v. Carroll*, No. 20111158 (A. Ct. Crim. App. Feb. 28, 2014), and the judgment of this Court in *United States v. Phillips*, No. 14–0199/AR (C.A.A.F. Jan. 6, 2015), we conclude that Appellant is not entitled to have his guilty plea to disobeying the order of his superior commissioned officer under Article 90, UCMJ, 10 U.S.C. § 890 (2012), set aside. Appellant did not establish "a substantial basis in law or fact for questioning the guilty plea." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). He failed to produce evidence that his company commander issued the restriction order for the sole purpose of increasing the penalty that would apply if Appellant violated the restriction order. Therefore, it is ordered that the judgment of the United States Army Court of Criminal Appeals is hereby affirmed.

No. 14–0558/AR. U.S. v. Aaron D. Amaya. CCA 20120406. On consideration of the granted issue, and the judgment of the United States Army Court of Criminal Appeals, *United States v. Amaya*, No. 20120406 (A. Ct. Crim. App. Feb. 24, 2014), we conclude that the military judge granted Appellant the relief to which he was entitled by reducing the maximum punishment for disobeying an order not to travel outside the limits of Fort Richardson, under Article 92, UCMJ, 10 U.S.C. § 892 (2008), to that authorized for breaking restriction under Article 134, UCMJ, 10 U.S.C. § 934 (2008). See *Manual for Courts Martial, United States* pt. IV, ¶ 16.e. Note (2008 ed.). Therefore, it is ordered that the judgment of the United States Court of Criminal Appeals is hereby affirmed.

No. 14–0619/AR. U.S. v. Aaron J. Twinam. CCA 20120384. On consideration of the granted issue, and the judgment of the United States Army Court of Criminal Appeals, *United States v. Twinam*, No. 20120384 (A. Ct. Crim. App. Mar. 7, 2014), we conclude that Appellant is not entitled to relief. The maximum punishment for violations of Article 92, UCMJ, 10 U.S.C. § 892 (2008), does not apply "if the violation of failure to obey is a breach of restraint imposed as a result of an order." *Manual for Courts–Martial, United States* pt. IV, ¶ 16.e. Note (2008 ed.) Although the military judge did not note that he was limiting the maximum punishment for the Article 92 offense, the maximum punishment did not change. Article 19, UCMJ, 10 U.S.C. § 819 (2012) (setting the statutory maximum confinement that can be imposed by a special court-martial at one year). Appellant pled guilty to desertion,

numerous AWOLs and failures to go, wrongful use of cocaine and marijuana, and larceny of computer materials with a value greater than $500. Articles 85, 86, 112a, 121, UCMJ, 10 U.S.C. §§ 885, 886, 912a, 921 (2008). The maximum punishment for these offenses, separate from any Article 92 offense, exceeded the statutory jurisdiction of the special court-martial. The convening authority, acting in accord with the pretrial agreement, disapproved Appellant's sentence to confinement in excess of four months. Accordingly, under the circumstances of this case, the military judge's omission "did not substantially influence the sentence and materially prejudice Appellant's substantial rights." *United States v. St. Blanc*, 70 M.J. 424, 430 (C.A.A.F. 2012) (citing Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2006)). Therefore, it is ordered that the judgment of the United States Army Court of Criminal Appeals is hereby affirmed.

No. 14–0650/AR. U.S. v. Kenneth E. Hagstrom. CCA 20121058. On consideration of the granted issue, the judgment of the United States Army Court of Criminal Appeals, *United States v. Hagstrom*, No. 20121058 (A. Ct. Crim. App. May 27, 2014), and the judgment of this Court in *United States v. Phillips*, No. 14–0199/AR (C.A.A.F. Jan. 6, 2015), we conclude that Appellant is not entitled to have his guilty plea to disobeying the order of his superior commissioned officer under Article 90, UCMJ, 10 U.S.C. § 890 (2012), set aside. Appellant did not establish "a substantial basis in law or fact for questioning his guilty plea." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). He failed to produce evidence that his company commander issued the order requiring him to sign in at the Charge of Quarters desk for the sole purpose of increasing the penalty that would apply if Appellant failed to do so. Therefore, it is ordered that the judgment of the United States Army Court of Criminal Appeals is hereby affirmed.

No. 15–0048/AR. U.S. v. Joshua R. Baker. CCA 20120839. On consideration of the granted issue, the judgment of the United States Army Court of Criminal Appeals, *United States v. Baker*, No. 20120839 (A. Ct. Crim. App. Aug. 27, 2014), and the judgment of this Court in *United States v. Phillips*, No. 14–0199/AR (C.A.A.F. Jan. 6, 2015), we conclude that Appellant is not entitled to have his guilty plea to disobeying the order of his superior commissioned officer under Article 90, UCMJ, 10 U.S.C. § 890 (2012), set aside. Appellant did not establish "a substantial basis in law or fact for questioning his guilty plea." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). He failed to produce evidence that the superior commissioned officer issued the restriction order for the sole purpose of increasing the penalty that would apply if Appellant violated the restriction order. Therefore, it is ordered that the judgment of the United States Army Court of Criminal Appeals is hereby affirmed.

No. 15–0116/AR. U.S. v. Derrick L. Hardy. CCA 20120816. On consideration of the granted issue, the judgment of the United States Army Court of Criminal Appeals, *United States v. Hardy*, No. 20120816 (A. Ct. Crim. App. Aug. 13, 2014), and the judgment of this Court in *United States v. Phillips*, No. 14–0199/AR (C.A.A.F. Jan. 6, 2015), we conclude that Appellant is not entitled to have his guilty plea to disobeying the order of his superior commissioned officer under Article 90, UCMJ, 10 U.S.C. § 890 (2012), set aside. Appellant did not establish "a substantial basis in law or fact for questioning his guilty plea." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). He failed to produce evidence that the superior commissioned officer issued the restriction order for the sole purpose of increasing