NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0384n.06

No. 17-6345

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 01, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| KAKEITHO HUGHES, | ) | OPINION |
| | ) | |
| Defendant-Appellant. | ) | |

**BEFORE: ROGERS and BUSH, Circuit Judges; WATSON, District Judge.**[*]

**JOHN K. BUSH, Circuit Judge.** Defendant KaKeitho Hughes appeals his conviction, pursuant to a plea agreement, of possession of cocaine with the intent to distribute and possession of a firearm by a convicted felon, on the basis that his trial counsel was ineffective. Generally, claims that counsel was ineffective are best addressed on collateral review, not direct appeal, and this case is no exception. Accordingly, we affirm Hughes's conviction.

**I**

Hughes was subject to a four-count indictment. While Hughes was pleading guilty to Counts 1, 3, and 4, the district judge asked whether Hughes understood that he was not waiving his right to appeal his sentence, and Hughes agreed that he understood. After further negotiation, Hughes and the government entered into a plea agreement whereby Hughes pleaded guilty to Counts 1, 3, and 4, and the government dismissed Count 2; like many plea agreements, this one

---

[*] The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

included a clause in which Hughes waived his right to appeal his sentence on grounds other than ineffective assistance of counsel or prosecutorial misconduct.

Hughes then moved the district court to continue sentencing because a miscommunication with his attorney resulted in his not understanding that the plea agreement contained a partial waiver of his right to appeal his sentence. But he later moved the court to withdraw the earlier motion, averring that he now understood the partial waiver and wished to nevertheless go forward with the plea agreement. Hughes was sentenced and now appeals that sentence.

## II

Hughes argues that his trial counsel was constitutionally deficient for failing to inform him of the implications of waiving his right to appeal his sentence. Hughes has not presented this claim to a district court, however, and "[t]his court will not review an ineffective assistance of counsel claim raised for the first time on appeal." *United States v. Swidan*, 888 F.2d 1076, 1081 (6th Cir. 1989).

There is a narrow exception to this rule, only applicable when the claim rests "entirely upon facts within the record" or presents "purely legal questions." *United States v. Soto*, 794 F.3d 635, 645 (6th Cir. 2015) (quoting *United States v. Angel*, 355 F.3d 462, 469 (6th Cir. 2004)). This exception does not apply. Determining whether the communications between Hughes and his trial counsel were constitutionally infirm would require evaluating those communications, which are not contained within the record before this court. Hughes "should, therefore, raise this argument in a collateral attack on his conviction." *United States v. Benson*, 127 F. App'x 808, 811 (6th Cir. 2005).

## III

For the above reasons, we **AFFIRM** Hughes's sentence.

2